RAMÓN FLORES SÁNCHEZ, querellante y apelante, *v.* ROSENDO TORRES VALENTÍN, querellado y apelado.

Núm. 8219.—*Sometido:* Abril 24, 1941. *Resuelto:* Mayo 27, 1941.

*Luis A. Ramírez,* abogado del apelante; *Leopoldo Tormes García,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Se trata de una querella formulada de acuerdo con la ley núm. 10 de 1917 ((2) pág. 217), en reclamación de la suma de $448 por concepto de salarios que se alega fueron devengados y no han sido pagados.

Alegó el querellante que en febrero 18 de 1936 él celebró un contrato verbal con el querellado, por virtud del cual el querellante fué empleado como dependiente de una pulpería del querellado, con un salario de siete dólares semanales; que las condiciones de ese contrato fueron cumplidas hasta febrero 18 de 1937, en cuya fecha las partes interesadas hicieron un nuevo contrato verbal de acuerdo con el cual el querellante recibiría solamente tres dólares semanales y dejaría $4 semanales a fondo en poder del querellado; y que el querellado le ha quedado adeudando por tales depósitos un total de $448, suma que ha rehusado pagarle. El querellado negó todos los hechos esenciales de la querella y alegó específicamente que él pagó al querellante todos los salarios devengados, a razón de siete dólares semanales, y que nada le adeuda.

Visto el caso ante la Corte de Distrito de Ponce, dictó ésta sentencia declarando sin lugar la querella, sin especial condenación de costas.

Los ocho señalamientos formulados por el demandante apelante se refieren a la apreciación que de la evidencia hizo la corte sentenciadora, la cual, en su relación del caso y opinión, se expresó así:

"La cuestión esencial a resolver en este caso es si se ha probado o no que el querellante Ramón Flores Sánchez dejaba en poder del querellado la suma de $4 de su sueldo de $7 que le correspondía percibir todas las semanas como dependiente y encargado de una tienda de pulpería propiedad del querellado, sita en la calle Santo Domingo esquina Santiago Negroni, de Yauco, Puerto Rico.

"Sobre este punto, y sosteniendo la afirmativa declararon el querellante Ramón Flores Sánchez, Juan Pellicier, Miguel Ángel

Collado y Luis Collado; total cuatro testigos. En la negativa declararon Cecilio Pérez Pérez, Prudencio Quiñones, Juan Olán, Julio Arzola, José Graterón y el propio querellado Rosendo Torres Valentín: total seis testigos.

''     *     *     *     *     *     *     *

''No se ha presentado ninguna escritura, documento privado o algún principio de prueba por escrito en relación con el convenio que alega el querellante celebró con el querellado, y especialmente, con la entrega de los $4 que dejaba el querellante semanalmente, según su declaración, en poder del querellado. No se ha presentado ni un simple recibo de ninguna de dichas entregas, ni constancia escrita sobre este punto de ninguna clase.

''Por consiguiente, la corte entiende que éste es uno de los casos en que es de perfecta observancia el artículo 1201 del Código Civil (edición de 1930), que lee como sigue:

'' 'Artículo 1201.—La fuerza probatoria de las declaraciones de los testigos será apreciada por los tribunales conforme a lo establecido en la ley de enjuiciamiento civil, cuidando de evitar que por la simple coincidencia de algunos testimonios, a menos que su veracidad sea evidente, queden definitivamente resueltos los negocios en que de ordinario suelen intervenir escrituras, documentos privados o algún principio de prueba por escrito.'

''La corte hace constar que de acuerdo con su apreciación la veracidad de todos y cada uno de los testigos presentados por ambas partes no es evidente y que éste es un caso en que únicamente hubiera podido resolverse a favor del querellante si se hubiera introducido en evidencia alguna escritura, documento privado o algún principio de prueba por escrito.''

Después de un cuidadoso estudio de la evidencia introducida por una y otra parte debemos resolver que las conclusiones a que llegó la corte sentenciadora están justificadas. Cuatro testigos del demandante tienden a sostener las alegaciones de la demanda. El juez sentenciador que les vió y les oyó declarar no les dió crédito, por considerar que no era evidente su veracidad. Y tampoco dió crédito a los seis testigos presentados por el demandado. Artículo 1201 del Código Civil, ed. 1930.

La regla general de evidencia es que el *onus probandi*, el peso de la prueba, recae sobre el que alega. El demandante

alegó que él había dejado parte de sus sueldos semanales en poder del demandado, y habiendo éste negado esa alegación, incumbía al demandante sostenerla mediante evidencia digna de crédito. Y no habiéndolo hecho así, era el deber del juez sentenciador desestimar la demanda.

*La sentencia debe ser confirmada.*